# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 07-20389-TLM |
| DAVID BRUCE ALLEN and, ) | |
| INGRID ZIEMELIS ALLEN, ) | Chapter 13 |
| ) | |
| Debtors. ) | |
| _____ ) | |
| ) | |
| DAVID and INGRID ALLEN, ) | |
| husband and wife, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Adv. No. 08-07014-TLM |
| ) | |
| WESTERN SIERRA BANK FBO ) | |
| MARITA STEWART, UMPQUA ) | |
| BANK FBO MARITA STEWART, ) | |
| JEFF and RUTH EICH, ) | |
| MOUNTAIN WEST BANK, ) | |
| SANDPOINT TITLE COMPANY, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**MEMORANDUM OF DECISION ON REQUESTS
TO WAIVE FILING FEES AND OTHER COSTS**
_____

**BACKGROUND AND FACTS**

On November 24, 2008, David and Ingrid Allen ("Debtors") filed the

complaint that commenced this adversary proceeding. Adv. Doc. No. 1. This was

MEMORANDUM OF DECISION RE: FEES/COSTS - 1

one of several matters that Debtors, once represented by counsel but now appearing *pro se*, had filed. *See generally* Adv. Doc. No. 41 at 2-19 (Memorandum of Decision on motion for disqualification, detailing history of litigation).[1]

Following a hearing on January 13, 2009, the Court took under advisement a request of Debtors for injunctive relief against the above-named Defendants.[2] On January 16, 2009, in an oral ruling, the Court denied Debtors' request. The Court's findings of fact and conclusions of law on the matter were orally stated. A written Order Denying Injunctive Relief was entered on that decision on January 16, 2009. Adv. Doc. No. 22.

On February 17, 2009, Debtors filed a notice of appeal of the January 16, 2009 Order denying the injunctive relief. *See* Adv. Doc. No. 25 at 1.[3] Debtors filed an "election" to have the appeal heard by the Bankruptcy Appellate Panel

---

[1] Though certain aspects of the history of this adversary litigation are set out below, this Court's findings of fact in Adv. Doc. No. 41 are incorporated herein by this reference as if repeated here at length.

[2] That request sought injunction against foreclosure of a deed of trust, the sale on which was scheduled for January 23, 2009.

[3] The Notice of Appeal specifically referred to Debtors' appeal of the order entered on January 16 denying injunctive relief. *Id.* The Notice also purports to appeal from or regarding "the failure [of the Court] to issue written Order(s) concerning the hearing conducted the 16th of January, 2009." This reference appears to be to the several matters brought in the adversary proceeding and in the main chapter 13 case (such as objections to claims, the motion to modify plan, and the motion to "modify the [bankruptcy] case"). As discussed in this Court's recent Decision, Adv. Doc. No. 41, these matters were discussed at the January 13 (not January 16) hearing, and no rulings were made on such matters because they were instead simply deferred to later hearing on proper notice. Adv. Doc. No. 41 at 14-16. Written orders were not required. *Id.* at 15-16, 31-32.

MEMORANDUM OF DECISION RE: FEES/COSTS - 2

("BAP"). Adv. Doc. No. 26.

On the same day, Debtors filed a "Motion for Leave to Proceed *In Forma Pauperis*." Adv. Doc. No. 27. That motion stated:

> COMES NOW, the Petitioners asks leave to file the attached Notice of Appeal and Request for Transcripts without prepayment of costs and to proceed *in forma pauperis on appeal*.
>
> Petitioner has not previously been granted leave to proceed *in forma pauperis* in any other court at any time.
>
> Petitioner's affidavit or declaration in support of this motion is attached hereto.

Adv. Doc. No. 27. The affidavit filed in support of that motion, Adv. Doc. No. 28, itemizes Debtors' financial condition.

Several days later, on February 25, Debtors filed a "Request for Transcripts." *See* Doc. No. 35. This request sought transcripts of the January 13 and 16, 2009, hearings before the Court. This request also noted that Debtors' motion (*i.e.*, Adv. Doc. No. 27), sought a waiver of payment of the costs of preparation of the transcripts.

On March 30, 2009, the BAP entered an order dismissing Debtors' appeal on the basis of its lack of jurisdiction because the appeal was not timely filed. *See* Adv. Doc. No. 44 (certified copy of BAP order).[4]

---

[4] Under Fed. R. Bankr. P. 8001(a) and 8002(a), a notice of appeal must be filed within ten (10) days of the entry of the order or judgment being appealed. As noted earlier in this Decision, and as the BAP ruling itself notes, the subject order was here entered January 16, and Debtors' notice of appeal was filed on February 17.

MEMORANDUM OF DECISION RE: FEES/COSTS - 3

On March 31, 2009, this Court issued its Decision on Debtors' request for disqualification, Adv. Doc. No. 41, and its Order on such Decision, Adv. Doc. No. 42. On April 9, 2009, Debtors filed a notice of appeal from that Order. *See* Adv. Doc. No. 46.

In conjunction with this second appeal, Debtors filed another Motion for Leave to Proceed *In Forma Pauperis*, Adv. Doc. No. 48 (the "Motion"). They also filed another Request for Transcripts, Adv. Doc. No. 50 (the "Request"), asking that they be relieved from paying the costs for preparation thereof.

The Court enters this Decision to address the Motion and the Request.[5]

**DISCUSSION AND DISPOSITION**

    **1.**    **The Motion**

Debtors have not specified the grounds on which they believe the Motion should be granted. That leaves the Court in a position of having to survey possible statutory or other bases, and then evaluate their applicability.

    **A.**    **Waivers under 28 U.S.C. § 1915**

Section 1915 of Title 28, U.S. Code, is entitled "Proceedings in forma pauperis" and provides, in part:

---

[5] The Court determines Debtors' prior motion for leave to proceed *in forma pauperis*, Adv. Doc. No. 27, must still be addressed. While Debtors' first appeal was dismissed, the fee is nevertheless due and owing unless waived. As such, this Decision will be equally applicable to Debtors' prior motion. However, unlike Debtors' prior motion, which remains outstanding, Debtors' prior request, Adv. Doc. No. 35, is superceded by their most recent Request as it incorporates all of the transcripts originally requested and adds another. *Compare* Adv. Doc. No. 35 and Adv. Doc. No. 50.

MEMORANDUM OF DECISION RE: FEES/COSTS - 4

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit [supporting an inability to pay]."

28 U.S.C. § 1915(a)(1). However, under the holding of *Perroton v. Gray (In re Perroton)*, 958 F.2d 889 (9th Cir. 1992), the bankruptcy court is not a "court of the United States" as defined in 28 U.S.C. § 451, and therefore the bankruptcy court is unable to provide relief under § 1915. *Id.* at 896; *see also Determan v. Sandoval (In re Sandoval)*, 186 B.R. 490, 495-96 (9th Cir. BAP 1995) (recognizing that *Perroton*'s conclusions regarding 28 U.S.C. § 451 apply to the power to award sanctions under 28 U.S.C. § 1927 just as they do to the power to waive fees under 28 U.S.C. § 1915, and further holding that, just as bankruptcy courts are not "courts of the United States," neither is the BAP).[6]

No waiver can be granted by this Court under 28 U.S.C. § 1915.

### B.    Waivers under 28 U.S.C. § 1930

Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), an amendment was made to 28 U.S.C. § 1930, adding

---

[6] An argument can be made that, because the bankruptcy court constitutes a "unit" of the district court and exercises by reference that court's jurisdiction with respect to bankruptcy cases, *see* 28 U.S.C. §§ 151, 157, and 1334, the bankruptcy court might also be referred the district court's ability to rule under 28 U.S.C. § 1915. *See*, *e.g.*, *Chase v. Kosmala (In re Loyd)*, 304 B.R. 372, 377 (9th Cir. BAP 2003) (Klein, J., dissenting) (addressing this argument, and others, that might vitiate *Perroton*'s 28 U.S.C. § 451 holding in regard to 28 U.S.C. § 1915 or its extension to 28 U.S.C. § 1927 powers). However, this Court is bound by *Perroton*, and it will also follow the BAP's approach to the issue, *see Loyd*, 304 B.R. at 374 n.1 (BAP majority's rejection of dissent), and *Sandoval*.

MEMORANDUM OF DECISION RE: FEES/COSTS - 5

§ 1930(f).

Subsection (f)(1) of § 1930 allows "the district court or the bankruptcy court [to] waive the filing fee in a case under chapter 7 of title 11 for an individual" upon certain conditions and showings. The waiver there authorized is for the "filing fee" for the commencement of the chapter 7 case. *See* § 1930(f)(1) ("For purposes of this paragraph, the term 'filing fee' means the filing fee required by subsection (a), or any other fee prescribed by the Judicial Conference under subsections (b) and (c) *that is payable to the clerk upon the commencement of a case under chapter 7.*" (emphasis added)). The fee waiver under § 1930(f)(1) is therefore irrelevant to the present Motion.

Section 1930(f) further states in subsection (f)(2) that "The district court or the bankruptcy court may waive *for such debtors* other fees prescribed under subsections (b) and (c)." 28 U.S.C. § 1930(f)(2) (emphasis added). The use here of the term "such debtors" necessarily refers to those debtors identified in subsection (f)(1), *i.e.*, those chapter 7 individual debtors who have been granted a filing fee waiver under subsection (f)(1). Thus, the grant of subsection (f)(2), and the ability thereunder to seek waiver of "other fees" prescribed under subsection (b) and (c), is limited to the chapter 7 debtor who receives a § 1930(f)(1) filing fee waiver. It is therefore also irrelevant to the present Motion.

Finally, there is subsection (f)(3). It states:

MEMORANDUM OF DECISION RE: FEES/COSTS - 6

> (3) This subsection does not restrict the district court or the bankruptcy court from waiving, in accordance with Judicial Conference policy, fees prescribed under this section for other debtors and creditors.

28 U.S.C. § 1930(f)(3). This provision makes clear that the inclusion of authority in § 1930(f) (*i.e.*, "this subsection") for waiver of case-commencement and other fees for certain chapter 7 debtors in limited circumstances, does not constitute some sort of implied restriction, prohibition or negation of other abilities of the district court or bankruptcy court to waive § 1930 fees for "other debtors or creditors." However, subsection (f)(3)'s language does not itself provide the ability or authority to waive fees, nor does it explicitly reference where such authority or ability is provided. Subsection (f)(3) merely indicates that any such waiver would have to be "in accordance with Judicial Conference policy."

The Judicial Conference Schedule of Fees, Bankruptcy Court Miscellaneous Fee Schedule, reprinted in 28 U.S.C. § 1930 (the "Fee Schedule"), is issued in accordance with § 1930(b).[7] That schedule, with an effective date of October 1, 2008, provides only limited authority for waiver of fees. Simply by way of example, under paragraph (11) of the Fee Schedule, the court may waive a fee due upon "reopening" of a case in certain circumstances.

However, the $250.00 fee established in the Fee Schedule for the filing of

---

[7] This section provides: "The Judicial Conference of the United States may prescribe additional fees in cases under Title 11 of the same kind as the Judicial Conference prescribes under section 1914(b) of this title [28]." 28 U.S.C. § 1930(b).

MEMORANDUM OF DECISION RE: FEES/COSTS - 7

an appeal – the fee Debtors' wish waived – is found under paragraph (14).[8] That paragraph contains no fee-waiver authority or provision.

The Court concludes that none of the BAPCPA-amended provisions of 28 U.S.C. § 1930, or the provisions of the Fee Schedule, allow the relief requested by Debtors.

### C. Ruling on the Motion

The Motion, to the extent it seeks relief from this Court under 28 U.S.C. § 1915, cannot be granted by the bankruptcy court under *Perroton*, nor can it be granted by the BAP under *Perroton* and *Sandoval*. The Motion as it relates to § 1915 shall therefore be referred to the United States District Court for the District of Idaho.

The Motion, to the extent it relates to or is argued under 28 U.S.C. § 1930 may be addressed by this Court. *See* 28 U.S.C. § 1930(f)(1), (2), (3) (each noting "[t]he district court *or the bankruptcy court* may waive . . . ." (emphasis added)). The Motion is found by this Court to be outside the limited scope of this statute for the reasons stated and will be denied.

### 2. The Request

Debtors' Request also seeks a waiver to avoid payment of the costs of

---

[8] Paragraph (14) also makes clear that this $250.00 fee is in addition to the statutory fee of $5.00 that is collected under 28 U.S.C. § 1930(c) when the notice of appeal is filed.

MEMORANDUM OF DECISION RE: FEES/COSTS - 8

preparing transcripts of earlier hearings.[9]

> Fed. R. Bankr. P. 8006 provides, in pertinent part:
>
> Any party filing a designation of the items to be included in the record shall provide to the clerk a copy of the items designated or, if the party fails to provide the copy, the clerk shall prepare the copy at the party's expense. *If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for the payment of its cost.*

Rule 8006 (emphasis added). This rule therefore places a duty on the party designating a record on appeal to make arrangements to pay for any transcripts requested as part of that record. The next rule, Fed. R. Bankr. P. 8007, then details the duty of the reporter to prepare such a transcript, and the duty of the clerk to transmit the same and the balance of the designated record to the appellate court.

Debtors' Request generally cites 28 U.S.C. § 753. The relevant portion of that statute is 28 U.S.C. § 753(f), which provides:

> (f) Each reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference. He shall not charge a fee for any copy of a transcript delivered to the clerk for the records of the court. Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for

---

[9] The Court's administrative staff has estimated the cost of transcription of the January 13 hearing at approximately $219.00, the January 16 hearing at approximately $109.00, and the March 18 hearing at approximately $178.85.

MEMORANDUM OF DECISION RE: FEES/COSTS - 9

> transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. *Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid for by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).* The reporter may require any party requesting a transcript to prepay the estimated fee in advance except as to transcripts that are to be paid for by the United States.

28 U.S.C. § 753(f) (emphasis added).

This matter is not a criminal proceeding nor is it one under § 2255 of Title 28 (which concerns habeas corpus proceedings). Those portions of this statute are inapplicable.

The final provision, found in the penultimate sentence of this subsection, italicized above, contains two prerequisites to relief. First, it only applies "to persons permitted to appeal in forma pauperis." Thus Debtors must first be permitted to appeal *in forma pauperis*, the issue that was discussed earlier in this Decision in connection with the Motion. *Accord Dawley v. Estate of Harris (In re Dawley)*, 2005 WL 67078, at *3 (E.D. Pa. Jan. 11, 2005) (noting the similarity of the issues under 28 U.S.C. § 753(f) and 28 U.S.C. § 1915). Second, the trial judge or a circuit judge must certify that the appeal is not frivolous but raises a substantial question.

Even assuming the District Court were to grant Debtors' Motion, thus

MEMORANDUM OF DECISION RE: FEES/COSTS - 10

satisfying the first prerequisite, it appears that court could not make the required certification on the Request as it was not the trial court.[10] And, the undersigned, as the trial judge, would not make the required certification. The Court does not conclude that the appeal of its ruling on Debtors' motion to disqualify is not frivolous and raises a substantial question. Thus, the second prerequisite to relief under 28 U.S.C. § 753(f) cannot be met.

Based on this analysis, Debtors' Request for waiver of the transcript fee will be denied.

**CONCLUSION**

As a consequence of the foregoing analysis, there is no basis or authority that has been shown to exist for this Court to rule on the Motion as it relates to 28 U.S.C. § 1915. Debtors' Motion for waiver of the appeal filing fee on *in forma pauperis* grounds under that statute will be referred to the District Court for the District of Idaho.[11] The Motion, as it relates to 28 U.S.C. § 1930 will be denied. Finally, Debtors' Request under 28 U.S.C. § 753(f) will be denied.

The Court will issue orders accordingly.

---

[10] *See Suarez v. Barrett (In re Suarez)*, 400 B.R. 732, 735 n.4 (9th Cir. BAP 2009) (referencing the bankruptcy court's post-judgment and post-appeal certification under 28 U.S.C. § 753(f)).

[11] Debtors' first motion to proceed *in forma pauperis*, Adv. Doc. No. 27, will also be referred to the District Court.

MEMORANDUM OF DECISION RE: FEES/COSTS - 11

DATED: April 28, 2009



*Terry Myers*

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION RE: FEES/COSTS - 12

## **CERTIFICATE OF SERVICE**

A "notice of entry" of this Decision, Order and/or Judgment has been served on Registered Participants as reflected by the Notice of Electronic Filing. A copy of the Decision, Order and/or Judgment has also been provided to non-registered participants by first class mail addressed to:

David Bruce Allen
Ingrid Ziemelis Allen
PO Box 550
Ponderay, ID 83852-0550

Case No. 08-07014-TLM

Dated: April 28, 2009

/s/
Suzanne Hickok
Law Clerk to Chief Judge Myers