IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE<br><br>DAVID BRUCE ALLEN and<br>INGRID ZIEMELIS ALLEN,<br><br>Debtors.<br>──────────────────<br><br>DAVID and INGRID ALLEN,<br>husband and wife,<br><br>  Plaintiffs,<br><br>v.<br><br>WESTERN SIERRA BANK FBO<br>MARITA STEWARD, UMPQUA<br>BANK FBO MARITA<br>STEWART, JEFF and RUTH<br>EICH, MOUNTAIN WEST<br>BANK, SANDPOINT TITLE<br>COMPANY,<br><br>  Defendants.<br>────────── | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 07-20389-TLM<br><br>**Chapter 13**<br><br><br><br><br><br>Adv. No. 08-07014-TLM<br><br>**MEMORANDUM OF DECISION<br>ON REQUEST TO PROCEED IN<br>FORMA PAUPERIS** |

On February 17, 2009, Plaintiffs and chapter 13 Debtors David and Ingrid

Allen ("Debtors") filed a notice of appeal of the Bankruptcy Court's order denying

their request for injunctive relief.  (Adv. Docket No. 25.)  On April 9, 2009,

**Memorandum of Decision - 1**

Plaintiffs appealed the Bankruptcy Court's decision and order denying Debtors' Motion for Disqualification.  (Adv. Docket No. 46.)  In both appeals, they requested waiver of the appellate filing fee.  Before the District Court are Debtors' two Motions for Leave to Proceed *In Forma Pauperis* ("IFP").  (Adv. Docket Nos. 27, 48.)

## I.    Background and Facts.[1]

The Bankruptcy Court issued an oral ruling denying Debtors' request for injunctive relief (Adv. Docket No. 22), which decision was appealed to the Bankruptcy Appellate Panel ("BAP").  Although the BAP entered an order on March 30, 2009, dismissing Debtors' appeal for lack of jurisdiction, the appellate filing fee is nevertheless still due and owing unless waived.  The Bankruptcy Court next issued a Memorandum of Decision and Order denying Debtors' motion to disqualify the presiding bankruptcy judge, Terry Myers, which Debtors also appealed to the BAP.  They again requested waiver of the appellate filing fee.

The Bankruptcy Court considered Debtors' two motions for IFP status as well as their concurrent request to waive payment for the costs of preparation of the transcripts on appeal.  With respect to Debtors' motions concerning waiver of

---

[1] The background and facts are set forth in more detail in the Bankruptcy Court's Memorandum of Decision re: Motion for Disqualification (Adv. Docket No. 41), and its Memorandum of Decision re: Fees/Costs (Adv. Docket No. 55).

**Memorandum of Decision - 2**

the appellate filing fee, the Bankruptcy Court held that it was unable to provide

relief under 28 U.S.C. § 1915(a) because it was not considered a "court of the

United States" as required under the holding of *Perroton v. Gray* (*In re Perroton*),

958 F.2d 889 (9th Cir. 1992).[2]  It therefore referred consideration of Debtors' two

requests for IFP status under 28 U.S.C. § 1915 to the District Court.  (Mem. of

Decision at 11, Adv. Docket No. 55.)  The Bankruptcy Court did, however,

consider waiver of the appellate filing fees under 28 U.S.C. § 1930, finding that

none of its provisions allowed the relief Debtors requested.

The Bankruptcy Court next considered Debtors' request to avoid payment of

the costs of preparing the transcripts for the record on appeal under 28 U.S.C. §

753(f).  That section states, in pertinent part, that "[f]ees for transcripts furnished in

other proceedings to persons permitted to appeal in forma pauperis shall also be

paid for by the United States if the trial judge or a circuit judge certifies that the

appeal is not frivolous (but presents a substantial question)."  In finding that the

two prerequisites for relief could not be met, the Bankruptcy Court stated that it

"does not conclude that the appeal of its ruling on Debtors' motion to disqualify is

---

[2]  28 U.S.C. § 1915(a)(1) states: "[s]ubject to subsection (b), any *court of the United States* may
authorize the commencement . . . of any suit, . . . or appeal therein, . . . without prepayment of fees . . . ."
(emphasis added).  *Perroton* held that the Bankruptcy Court is not a court of the United States, and so
could not offer relief from payment of appellate filing fees under Section 1915.  *Perroton*, 958 F.2d at
896.

**Memorandum of Decision - 3**

not frivolous and raises a substantial question." (Mem. of Decision at 11, Adv.

Docket No. 55.) In other words, the Bankruptcy Court found Debtors' appeal of its

ruling denying disqualification of the presiding judge to be frivolous.

Accordingly, the Bankruptcy Court denied Debtors' request for waiver of the

transcript preparation fee. The Bankruptcy Court did not issue a separate ruling

considering Debtors' appeal of its prior ruling denying injunctive relief.[3]

## II.    Disposition.

28 U.S.C. § 1915(a)(1) authorizes the Court to permit any suit, action or

proceeding, whether civil or criminal, or an appeal therein, to proceed without

prepayment of filing fees by a person who submits an affidavit that includes a

statement of all assets and that the person is unable to pay such fees. Nevertheless,

there is an important caveat for permitting an appeal to proceed without payment

---

[3] Although the Bankruptcy Court stated that its decision was equally applicable to Debtors' prior
IFP motion, the Bankruptcy Court stated that the prior request for waiver of the transcript fees (Adv.
Docket No. 35) was superceded by the most recent request for waiver because the second request
incorporates all of the transcripts originally requested and simply adds another. (*compare* Adv. Docket
No. 35 *with* Adv. Docket No. 50; *see* Mem. of Decision at 4 n.5, Adv. Docket No. 55.) However, in a
related adversary proceeding, Adv. Case No. 08-07013-TLM, the Bankruptcy Court commented on
Debtors' request for injunctive relief relating to their Shingle Mill Road Property. (Adv. Case No. 09-
07013-TLM, Docket No. 49.) Debtors' request for injunctive relief preventing the sale of the Shingle
Mill Road Property presented similar identical legal theories as the request here concerning the Trapper
Creek Property. (*compare* Compl., Adv. Docket No. 1, *with* Emergency Petition and Motion, Adv.
Case No. 09-07013, Docket Nos. 8, 13.) In its Summary Order entered in Adv. Case No 09-07013-TLM,
the Bankruptcy Court could not certify that Debtors' appeal from the decision to deny injunctive relief
was not frivolous. (Adv. Case No. 09-07013-TLM, Docket No. 49 at 2–3.) It would appear that the
Bankruptcy Court's reasoning denying such certification applies with equal force in this adversary
proceeding.

**Memorandum of Decision - 4**

of the filing fee.  "An appeal may not be taken in forma pauperis if the trial court

certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(3).  Good

faith is demonstrated when an applicant seeks appellate review of any issue that is

not frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *cited in*

*Heghmann v. Indorf*, 324 B.R. 415, 420 (B.A.P. 1st Cir. 2005).  Express authority

also exists in 28 U.S.C. § 1915(3)(2)(B)(i) to dismiss the cause as frivolous.

*Coppedge*, 369 U.S. at 445 (citing 28 U.S.C. § 1915(d), now designated as

subsection (e)).

An appeal on a matter of law is frivolous when "[none] of the legal points

[are] arguable on their merits."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)

(quoting *Anders v. California*, 386 U.S. 738, 744 (1967)).  Probable success on the

merits is not a required showing.  *Heghmann v. Indorf*, 324 B.R. at 420.  If any

nonfrivolous or colorable issue on appeal exists, the court must grant a motion for

leave to file *in forma pauperis*.  *Id.*  Dismissal of a petition to proceed *in forma*

*pauperis* is appropriate when the claim is based upon an "indisputably meritless

legal theory or factual allegations are clearly baseless."  *Id.* (quoting *Forte v.*

*Sullivan*, 935 F.2d 1, 3 (1st Cir. 1991)).


With respect to Debtors' second request for IFP status relating to their

**Memorandum of Decision - 5**

appeal of the Bankruptcy Court's decision denying their motion for

disqualification, the Bankruptcy Court determined that the appeal was frivolous

and therefore not in good faith.  *See Terry v. Troxler*, 328 B.R. 460, 466–67

(M.D.N.C. 2005).[4]  It did not render a decision with respect to Debtors' first

request for IFP status relating to their appeal of the decision denying their request

for injunction.  After reviewing the record and the documents filed in this appeal,

the Court concludes that the Debtors' requests to proceed *in forma pauperis* should

be denied because the underlying appeals are frivolous.

It is difficult to discern the basis for the Allens' appeal of the Bankruptcy

Court's ruling concerning injunctive relief.  The Allens sought a temporary

restraining order and/or preliminary injunction to prevent the sale of the Trapper

Creek Property by the creditors holding a security interest in the property.[5]

"Appellate review of a decision to grant or deny a preliminary injunction is

restricted to determining whether the lower court abused its discretion or based its

decision on an erroneous legal standard or clearly erroneous findings of fact.

---

[4]  Although the Bankruptcy Court concluded that the appeal of its ruling on Debtors' motion to disqualify was frivolous, it did not separately certify, as in *Terry*, that the appeal was not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).  However, despite the certification, the court in *Terry* independently considered whether or not debtors' appeal was frivolous.  *Terry*, 328 B.R. at 467.

[5]  There is currently pending a motion to dismiss Debtors' Chapter 13 case for failure to make the requisite payments under the Plan.  (Bankr. Docket No. 61.)  The secured creditors also filed affidavits of default under their respective security agreements, and subsequent orders granted the secured creditors stay relief so that foreclosure proceedings could be pursued.  (Bankr. Docket Nos. 62–67.)

**Memorandum of Decision - 6**

Unless [the court] incorrectly applies the law, its grant or denial of a motion for a preliminary injunction is subject to very limited review." *Privitera v. Cal. Bd. of Medical Quality Assur.*, 926 F.2d 890, 897 (9th Cir. 1991) (quoting *Sierra Club v. Marsh*, 816 F.2d 1376, 1382 (9th Cir. 1987)).

The statement of issues presented concerning the Debtors' appeal of the denial of injunctive relief, (Docket No. 36), concern allegations that the bankruptcy judge failed to correct a "fraud upon the court" based upon various factual allegations. There are also statements that the loan agreements were illegal, that the judge "lost subject matter jurisdiction," and denied Debtors due process. None of these issues relate to the legal standard the Bankruptcy Judge applied in determining whether to grant or deny the Debtors' request for injunction. As such, there is no arguable basis for any of the Debtors' legal contentions with respect to the first appeal.[6]

As background for the appeal of the order denying recusal, Debtors object to the Bankruptcy Court's inquiry of opposing counsel into a scheduling matter. (Mem. of Decision at 12, Adv. Docket No. 41.) As a consequence of the Bankruptcy Court's inquiry, the foreclosure sale of the Trapper Creek Property set

---

[6] *See* Mem. of Decision at 9-12, Adv. Docket No. 41 for an explanation of the basis for Debtors' adversary complaint. The Debtors' theory for seeking the injunction to prevent the foreclosure sale was that they were "creditors" of the bank, and the bank the "borrower," thereby precluding the bank from seeking stay relief and foreclosing on the mortgage.

**Memorandum of Decision - 7**

for December 24, 2008, was postponed until January 23, 2009, to allow the

Bankruptcy Court to hear Debtors' request for injunctive relief on January 13,

2009 prior to the sale.  Rather than file responsive pleadings, Debtors filed several

motions in their Chapter 13 case intending for these matters to be decided at the

January 13, 2009 hearing on their request for injunctive relief.  (Mem. of Decision

at 14, Adv. Docket No. 41.)  The Bankruptcy Court either denied the additional

motions or declined to rule on them for various procedural reasons, as well as

denied the requested injunctive relief.  (Mem. of Decision at 14–17, Adv. Docket

No. 41.)  Shortly thereafter, Debtors filed their motion requesting recusal of the

Bankruptcy Judge.  (Adv. Docket No. 23.)

As in the first appeal, it is difficult to understand the issues presented.  The

denial of a motion to recuse is reviewed for abuse of discretion.  *U.S. v.

Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997).  The standard for recusal under

28 U.S.C. § 455(a)(b)(1) is an objective one, asking "whether a reasonable person

with knowledge of all the facts would conclude that the judge's impartiality might

reasonably be questioned."  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S.

847, 860 (1988).  In addition, the judge must be subjectively confident of his or her

ability to be evenhanded.  *Bernard v. Coyne* (*In re Barnard*), 31 F.3d 842, 844 (9th

Cir. 1944).  The alleged bias must stem from an "extrajudicial source," and

**Memorandum of Decision - 8**

"judicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Id.* (quoting *Liteky v United States*, 510 U.S. 540, 554-56 (1994)).

The statement of issues for appeal of the order denying recusal is similar to the previous statement of issues on appeal, although it does contain seventy issues for appeal rather than twenty-seven issues in the first appeal. (Docket No. 51, Amended by Docket No. 57.)  The first twenty-seven issues are almost identical to the statement of issues previously filed in support of the Debtors' first appeal.  The additional forty-three issues do not elucidate any further the basis for the appeal of the Bankruptcy Judge's order denying recusal.  The issues for decision on appeal reiterate that the Bankruptcy Judge failed to correct a "fraud upon the court," allowed persons without standing to present matters to the court, lacked subject matter jurisdiction, and failed to rule on matters concerning various permutations of fraud.  None of the issues presented relate to the standard that the bankruptcy court was required to apply in its ruling denying disqualification or suggest error in its application.  Rather, the issues relate to the Bankruptcy Judge's rulings or alleged lack thereof, and do not point to any extrajudicial source from which the Bankruptcy Judge's impartiality might be questioned.  Thus, this Court concludes that it cannot find anything other than meritless legal theories or baseless factual allegations, rendering Debtors' IFP Motion frivolous.

**Memorandum of Decision - 9**

### III.   Conclusion.

As a consequence of the foregoing analysis, the Court concludes that

Debtors' two appeals are frivolous and therefore not in good faith.  The two

Motions requesting IFP status under 28 U.S.C. § 1915 will be denied.  The Court

will issue a separate order.



DATED:  **August 11, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum of Decision - 10**